D. C. O'NEIL, Appellant, v. JOE CARDINA and ANGELINA CARDINA, Appellees.

**Husband and wife:** FAMILY EXPENSES: INTOXICATING LIQUORS. A 1   wife cannot be held liable for the price of beer purchased by the husband, on the ground that it is family expense; and the exclusion of evidence that the husband and wife were both in the habit of drinking beer, and with their boarders made use of it as beverage at their meals, was proper.

**Same:** ACTION FOR PRICE OF LIQUORS: ISSUES: INSTRUCTION. Where 2   the defendants, upon the appeal of an action commenced in justice court for the price of liquors, filed an answer limited to a simple denial of the claim, the issue of illegal sale of the liquor was not tendered; and an instruction on the question of plaintiff's right to recover on illegal sales was not within the issues and erroneous.

*Appeal from Appanoose District Court.*—HON. F. M. HUNTER, Judge.

TUESDAY, MARCH 11, 1913.

ACTION at law to recover upon an acount for goods alleged to have been sold the defendants. There was a verdict and judgment for defendants, and plaintiff appeals.—*Reversed.*

*H. E. Valentine,* for appellant.

*Porter & Greenleaf,* for appellees.

WEAVER, C. J.—This action was instituted before a justice of the peace, and the pleadings there were informal in character. The substance of plaintiff's claim is that as salesman for the Heins Brewing Company of Kansas City, Mo., he negotiated or procured the sale to defendants of certain quantities of beer, that the account thus created has been assigned to plaintiff, and that there is a balance due and unpaid thereon of $88.56, for which he asks judgment. On trial to the justice, judgment was rendered in favor of plaintiff for the amount, and defendants appealed therefrom to the district court. After the cause was docketed in the district court the defendants filed a written answer in denial of the plaintiff's demand.

The evidence tends to show that the defendants are husband and wife, residing in Appanoose county, where they kept a boarding house, and for a period of years Joe Cardina and his said wife, one or both, were in the habit of ordering beer through the agency of the plaintiff, that a balance of indebtedness so arising remained unpaid, and that the claim therefor had been assigned to the plaintiff. No serious contention is made that the beer so sold has been paid for, but it is denied that any was sold to the wife, or that she is in any manner liable therefor. In its instructions to the jury the court charged, in substance, that, if the sale of the beer had been consummated at Kansas City, the transaction was lawful, and plaintiff would be entitled to recover against Joe Cardina, but that, if it had not been shown that the sales were so lawfully made, then no recovery could be had against either defendant. The jury were further told that the wife could not be held liable for the price of the beer on the theory or claim that it was a family expense, but that, if any of the sales had been law-

fully made to her or to her husband in her name with her knowledge and consent, then she would be liable. The jury having returned a general verdict in favor of both defendants, it is evident that the result was reached upon the theory that the sales of beer were illegal, and therefore gave rise to no enforceable liability for the price.

As grounds for reversal, the appellant assigns error upon a ruling excluding evidence that Cardina and wife were both in the habit of drinking beer, and with their boarders made use of that beverage at their meals. And, as bearing upon the same point, exception is taken to the court's instruction that the wife could not be held liable for the purchase price of the beer as upon a claim for family expenses. We are of the opinion that in these rulings the trial court committed no error. In the opinion of the writer this court has extended the effect of the statute in respect to liability for family expenses beyond the clear import of its language and held the wife liable for expenses not intended by the Legislature, but even its extremist holding falls far short of the rule which the appellant now asks us to affirm. There is a sense in which extravagant raiment, jewelry, and numberless other articles not classed as necessaries may be deemed family expenses, and as having some place in maintaining members of the family in accordance with their actual or assumed station in life. But none of the reasons which have been thought sufficient for so holding has any application to the purchase of intoxicants, unless it may be purchases made for strictly medicinal purposes. Whether this suggested exception exists we need not now decide. We are not willing to take the step which appellant demands, and thus make it possible for the liquor dealer to compel a wife to pay for the drink which has demoralized her husband, and cast upon her the burden of standing alone between her family and starvation. In this particular it may be doubted if the point just discussed is necessarily involved in the issues as stated

1. Husband and
  wife: family
  expenses: in-
  toxicating
  liquors.

in the record, but it has been so treated by the parties, and we express our views thereon.

The exception to the court's instruction concerning the effect of illegal sales upon plaintiff's right to recover is not

2. SAME: action for price of liquors: issues: instructions.

so easily disposed of. The defendants were not content to stand upon the record as returned by the justice of the peace, and availed themselves of their privilege to file a formal answer in the district court. This answer is limited to a simple denial, and this in our judgment is not sufficient to raise the issue of illegal sales. It follows that in instructing the jury upon this issue the court went outside of the issues, and it is evident from the record that the jury's verdict was made to turn upon a proposition which, however correct as an abstract statement of law, was irrelevant to the issue made by the answer.

Other questions discussed by counsel are governed by the conclusions we have already announced. For the error above noted, a new trial must be ordered. The judgment of the district court will therefore be *Reversed*.